DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGORY TONY, as SHERIFF OF BROWARD COUNTY,**
Appellant,

v.

**ESTATE OF ALYSSA ALHADEFF,** et al.,
Appellees.

No. 4D2026-0114

[May 13, 2026]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. 062019CA080000AXXXCE.

Alexis Fields, Seth David Haimovitch, and David Lawrence Ferguson of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Fort Lauderdale, for appellant.

Joel Perwin of Joel S. Perwin, P.A., Miami Beach, and David Wayne Brill and Joseph John Rinaldi, Jr., of Brill & Rinaldi, Weston, for appellees.

PER CURIAM.

The Broward County Sheriff appeals an order denying his motion for partial summary judgment in the underlying consolidated cases. We find no error in the trial court's ruling that the Sheriff is not entitled to partial summary judgment on his sovereign immunity defense, and thus affirm.

The underlying cases are brought on behalf of the victims of the tragic 2018 Marjory Stoneman Douglas High School shooting.

The Sheriff filed a motion seeking partial summary judgment as to "negligence claims based upon any pre-shooting incident contacts" with the shooter, alleging the Sheriff was entitled to sovereign immunity. The trial court denied the motion, explaining that plaintiffs' complaint does not bring any claim against the Sheriff based on the complaint's pre-shooting allegations, so no basis existed to grant summary judgment.

We have jurisdiction to review the nonfinal order as it denied a motion that "asserts entitlement to sovereign immunity." Fla. R. App. P. 9.130(a)(3)(F)(iii).

This purely legal issue is reviewed de novo. *Naso v. Hall*, 338 So. 3d 283, 286 (Fla. 4th DCA 2022). "[I]n Florida, '[g]overnmental immunity derives entirely from the doctrine of separation of powers, not from [the absence of] a duty of care or from any statutory basis.'" *Wallace v. Dean*, 3 So. 3d 1035, 1045 (Fla. 2009) (alterations in original) (emphases omitted) (quoting *Henderson v. Bowden*, 737 So. 2d 532, 538 (Fla. 1999)).

Despite the broad waiver of sovereign immunity in section 768.28, Florida Statutes (2019), government entities remain immune for certain policy-making, planning, or judgmental governmental functions. *Com. Carrier Corp. v. Indian River Cnty.*, 371 So. 2d 1010, 1020 (Fla. 1979). Here, the parties do not dispute that the determination of whether to arrest is a policy-level governmental function subject to immunity. *See Everton v. Willard*, 468 So. 2d 936, 939 (Fla. 1985).

However, we find no error in the trial court's decision to deny partial summary judgment. Plaintiffs have not brought any claim based on policy-level functions, such as whether to arrest or have the shooter civilly committed before the shooting. Plaintiffs' complaint does not present a "nonjusticiable political question that is more appropriately committed to the resolution of a coordinate or constituent branch of government." *See Wallace*, 3 So. 3d at 1053–54. The Sheriff is seeking summary judgment on a theory that the plaintiffs are not pursuing.

Because the pre-incident contacts between the Sheriff's Office and the shooter may be relevant to the operational-level claims, alleging those contacts in the complaint does not necessarily implicate immunity at this stage. The trial court has not determined what evidence may be admitted at trial, and such would be outside the scope of our limited nonfinal review.

Accordingly, we affirm.

*Affirmed.*

CIKLIN, FORST and SHEPHERD, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

2